## STATE vs. MAINE CENTRAL RAILROAD COMPANY.

### Sagadahoc.    Opinion May 11, 1897.

*Railroads.    Death.    Remedy.    Civil Action.    Stat. 1891, c. 124.*

An indictment against a railroad corporation for negligently causing the death of a person is no longer maintainable; the remedy is now by a civil suit for damages.

*Held;* that the Statute of 1891, c. 124, supersedes and abrogates the remedy by indictment in all cases for which it provides a remedy by a civil action.

ON EXCEPTIONS BY DEFENDANT.

This was an indictment against the Maine Central Railroad for the death of one Brown, killed October 13, 1893. The indictment was brought under R. S., c. 51, § 68. To this indictment the defendant demurred specially on the ground that the indictment statute was repealed by implication by the Stat. of 1891, c. 124.

By agreement of parties and leave of the court, this demurrer was filed with the right to plead over. The presiding justice overruled the demurrer pro forma, and the defendant excepted.

*Grant Rogers,* County Attorney, *H. M. Heath and C. L. Andrews,* for State.

*O. D. Baker and F. L. Staples,* for defendant.

SITTING:    WALTON, EMERY, HASKELL, WISWELL, STROUT, JJ.

WALTON, J. The question is whether the Act of 1891, c. 124, giving a remedy by civil action for an injury causing death superseded the previously existing remedy by indictment.

We think it did. The remedy by indictment was always regarded as anomalous and incongruous. It was essentially a civil suit, prosecuted for the benefit of private parties; but criminal in form, and prosecuted at the public expense. In some particulars it was subject to the rules of the criminal law, and in others it was governed by rules applicable only to civil suits. It was applicable

to only a small class of cases, leaving other injuries of a similar character unprovided for. We think the Act of 1891, c. 124, was intended to remedy these evils; that the purpose of the legislature was to provide a more appropriate remedy and extend its application.

The Act of 1891, c. 124, after describing the nature of the injuries for which redress is to be had, then declares that in "every such case" the remedy shall be by an action for damages. This language clearly includes the cases in which indictments had before been maintainable; and if the new remedy does not supersede the old one, two conflicting remedies will exist for one and the same class of injuries. It is impossible to believe that the legislature intended such a result. And our conclusion is that the Act of 1891, c. 124, supersedes and abrogates the remedy by indictment in all cases for which it provides a remedy by a civil action; and that an indictment against a railroad corporation for negligently causing the death of a person is no longer maintainable; that the remedy is now by a civil suit for damages; and, consequently, that the indictment in this case can not be sustained.

*Exceptions sustained.*